UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

SAINT ELIZABETH
INSTITUTION,

*Defendant.*

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

PNC BANK,

*Defendant.*

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

BLUE CROSS + BLUE
SHIELD,

*Defendant.*

**MEMORANDUM & ORDER**
26-cv-02968 (NCM) (PCG)

26-cv-03143 (NCM) (PCG)

26-cv-03139 (NCM) (PCG)

1

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

PNC BANK,

*Defendant.*

26-cv-03242 (NCM) (PCG)

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

SOCIAL SECURITY ADMINISTRATION,

*Defendant.*

26-cv-03296 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge.

On May 19, 26, 29, and June 2, 2026, plaintiff Demetrius R. Whitfield, proceeding *pro se*, commenced the five above-captioned actions against various defendants, including the Saint Elizabeth Institution, PNC Bank, Blue Cross + Blue Shield, and the Social Security Administration. *See generally* 26-cv-02968, ECF No. 1; 26-cv-03143, ECF No.1; 26-cv-03139, ECF No. 1; 26-cv-03242, ECF No. 1; 26-cv-03296, ECF No. 1.[1] Plaintiff did not pay the requisite filing fees for any of these actions but did apply to proceed *in forma pauperis* ("IFP") in four of the five cases. *See* 26-cv-03143, ECF No. 2; 26-cv-03139, ECF No. 2; 26-cv-03242, ECF No. 2; 26-cv-03296, ECF No. 2. He did not pay the fee or file an IFP

---

[1]    The Complaints in both 26-cv-03143 and 26-cv-03242 are against the same defendant, PNC Bank.

application in 26-cv-02968. On May 22, 2026 and June 11, 2026, respectively, the Clerk of Court notified plaintiff of his failure to file an IFP application in 26-cv-02968, ECF No. 3, and his deficiencies with respect to his IFP application in 26-cv-03296, ECF No. 6, and directed him to cure the deficiencies within 14 days in order to proceed. To date, plaintiff has neither complied with the Court's directives nor otherwise responded to the Court's orders.

The Court grants plaintiff's applications to proceed IFP and consolidates the five actions solely for the purpose of this Order.[2] For the reasons set forth below, the Complaint in each case is dismissed.

## BACKGROUND

The Complaints are each handwritten on a form complaint. *See* 26-cv-02968, ECF No. 1; 26-cv-03143, ECF No.1; 26 cv 03139, ECF No. 1; 26-cv-03242, ECF No. 1; 26-cv-03296, ECF No. 1. The box for federal question jurisdiction is checked on each Complaint. Collectively, the Complaints refer to "misrepresentation of information," "fraud," "double taxation without representation," "pre-emptive [i]mplosion," "bankruptcy," "bait & switch," "a[d]mitting said violations," as well as other disjointed phrases. The Complaints provide no insight into any factual allegations.

## LEGAL STANDARD

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* litigants special

---

[2]    Though plaintiff failed to file an IFP application in 26-cv-02968, the Court finds that if it was properly filed, the Complaint in that case would also be dismissed.

consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[3]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and

---

[3]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

4

counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's actions in their entirety because, even when construed liberally, each Complaint lacks an arguable basis in law or in fact and is therefore frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).

Furthermore, the Complaints fail to meet Rule 8's minimal pleading requirements. Plaintiff fails to provide a "short and plain" statement of his claims against any of the defendants such that they would have a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. He has neither asserted facts that suggest a violation of his constitutional rights or federal law, nor linked any defendants to any such violation. The Court is unable to determine exactly what claims plaintiff is attempting to allege and thus cannot evaluate whether plaintiff's allegations state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

Even liberally construing the plaintiff's Complaints in his favor, he fails to state a claim upon which relief can be granted. Plaintiff's Complaints are therefore dismissed.

The Court has considered affording plaintiff an opportunity to amend the Complaints. However, plaintiff has filed at least ten complaints in the last 5 months without paying the filing fee. *See* 26-cv-00471, 26-cv-01079, 26-cv-01080, 26-cv-02103, 26-cv-02125, 26-cv-02968, 26-cv-03139, 26-cv-03143, 26-cv-03242, 26-cv-03296.[4] Given his litigation history and because the Complaints' defects are unlikely to be cured by amendment, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). The Court and defendants need not expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

Further, the Court warns plaintiff, yet again, against filing future unintelligible IFP complaints. Should plaintiff persist in filing unintelligible actions in this Court, the Court may direct plaintiff to show cause why the Court should not enter an Order barring the acceptance of any future IFP complaints for filing in this Court without first obtaining leave of the Court. 28 U.S.C. § 1651.

---

[4] Five of those complaints have already been dismissed by this Court for failure to state a claim. *See* 26-cv-00471, ECF No. 7; 26-cv-01079, ECF No. 8; 26-cv-01080, ECF No. 8; 26-cv-02103, ECF No. 8; 26-cv-02125, ECF No. 7.

## CONCLUSION

For the reasons stated above, the Complaints are dismissed because they fail to comply with Rule 8 of the Federal Rules of Civil Procedure and fail to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, plaintiff is warned that he may not continue to squander scarce judicial resources.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close these cases, mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:       July 17, 2026
             Brooklyn, New York

7